**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**APRIL SESSION, 1997**

FILED

June 6, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **KENNETH KERSEY,** | **)** | **C.C.A. NO. 01C01-9604-CR-00126** |
| | **)** | |
| Appellant, | **)** | |
| | **)** | |
| | **)** | **DAVIDSON COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. THOMAS H. SHRIVER** |
| **STATE OF TENNESSEE,** | **)** | **JUDGE** |
| | **)** | |
| Appellee. | **)** | (Habeas Corpus) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF DAVIDSON COUNTY**

FOR THE APPELLANT:

PAULA OGLE BLAIR
176 Second Avenue, North
Suite 406
Nashville, TN 37201

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

VICTOR S. JOHNSON
District Attorney General

NICHOLAS D. BAILEY
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant filed a petition seeking habeas corpus relief and alleged generally that his sentence was void and had expired. Counsel was appointed, and an amended petition was filed. After conducting an evidentiary hearing, the trial court denied relief. It is from this order that the Defendant appeals. We affirm the judgment of the trial court.

On July 14, 1981, the Defendant was convicted on a jury verdict of burglary, aggravated sexual battery and aggravated rape. He received an effective sentence of twenty years in the Department of Correction. Shortly thereafter, he was transported to Indiana where he was subsequently convicted of several offenses and received a sentence of twenty-five years.[1] After serving several years in Indiana, the Defendant was apparently paroled or otherwise released from prison in Indiana and was returned to Tennessee where he entered into the custody of the Department of Correction on May 26, 1991. He has been denied parole several times and remains incarcerated in the Department of Correction.

The Defendant's primary argument at the evidentiary hearing was that his Tennessee sentence was to be served concurrently with his Indiana sentence and therefore, because he has been discharged from his Indiana sentence, he should also be discharged from his Tennessee sentence. On appeal, the

---

[1]Apparently, the Indiana sentence was subsequently modified to twenty years.

Defendant argues that his sentence is void because Tennessee violated the Interstate Compact on Detainers and lost jurisdiction over the Defendant when he was transported to Indiana. He also argues that because he did not actually start serving his Tennessee sentence until 1991, he was denied jail credits and time for good behavior in violation of due process of law.

Much of the Defendant's argument centers around his contention that the Tennessee authorities are not giving him credit on his sentence for the time he served in Indiana. From this record, we cannot determine for certain whether the Defendant's Tennessee sentences were to run concurrently with or consecutively to the Indiana sentences. It appears from the testimony presented at the evidentiary hearing that the Defendant was either eligible for parole at the time he returned to Tennessee in 1991 or that he became eligible for parole shortly thereafter. This fact suggests that the Defendant has received credit on his Tennessee sentences for the time he served in Indiana. In any event, time credits and sentence reduction credits are generally inappropriate considerations in a habeas corpus proceeding and must be addressed through the Uniform Administrative Procedures Act. Tenn. Code Ann. § 4-5-101 to - 324; Carroll v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993). The sole relief available under Tennessee's habeas corpus statute is discharge from custody. Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995).

Habeas corpus relief is available under Tennessee law only when a convicting court is without jurisdiction or authority to sentence a defendant or when that defendant's term of imprisonment or restraint has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). There is nothing in this record that

demonstrates that the convicting court was without jurisdiction or authority to sentence the Defendant to serve twenty years in confinement for the convictions which he received on July 14, 1981. There is further nothing contained in this record which demonstrates that the Defendant's term of imprisonment or restraint has expired. Therefore, we cannot conclude that the trial court erred by denying the Defendant habeas corpus relief.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
J. CURWOOD WITT, JR., JUDGE